#110291

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 AUG 23 AM 10: 13

DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WANDA L. BOWLING** *Plaintiff* | § | |
| vs. | § | **Civil Action no.__________** |
| **LESTER JOHN DAHLHEIMER, JR. AND SR( estate)** | § | |
| **PAULETTE MUELLER(in her Official And Individual Capacity)** | § | **3-18CV2232-K** |
| **JUDGE PIPER MCCRAW(in her Official And Individual Capacity)** | § | |
| **GREG WILLIS(in his Official and Individual Capacity)** | § | |
| **CRAIG A. PENFOLD(in his Official and Individual Capacity)** | § | **Jury Trial Requested** |
| **JUDGE DAVID EVANS(in his Official and Individual Capacity)** | § | |
| **CLERK OF THE COURT 5TH DISTRICT COURT OF APPEALS** | § | |
| **RHONDA CHILDRESS-HERRES(in her Official and Individual Capacity)** *Defendants* | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

**Comes now** Wanda Bowling, files this Complaint on Lester John Dahlheimer Jr., Paulette Mueller, Piper McCraw, Greg Willis, Craig Penfold, David Evans, and Rhonda Childress for violating Plaintiff's constitutional rights and their participation in conspiracy to unlawfully seize property, misc. assets, forgery, fraud, cover up of unlawful conduct, tampering with evidence, FURTHER using threat tactics to bully Plaintiff into quiet submission. This arises from a trial case in the Collin County District Court (See Notice of Related Cases). The case ended, thwarted, by the sudden surprise from the Fifth District Court of Appeals, Clerk of the Court, where the Plaintiff's clerk records($1,237) disappeared from the record. Plaintiff

requested the records be corrected. The Judge DENIED the request. Exhausting all civil attempts to prevent the unlawful course of actions that still are in motion Plaintiff now is resorting to the Federal Courts and Law enforcement to investigate the multiple fraud, forgeries, tampering with evidence, active cover ups, and unlawful threats.

## JURISDICTION

Personal Jurisdiction is proper in this court as Plaintiff resides in the Dallas metro area, Plano, Texas. In pursuant to *Title 28 U.S. Chapter 85 – District Court; Jurisdiction* it is proper to bring this case before The United States Norther District Court has subject matter jurisdiction supported by *28 U.S. Code § 1331 - Federal question, 28 U.S. Code § 1367 - Supplemental jurisdiction, 28 U.S. Code § 1356 - Seizures not within admiralty and maritime jurisdiction, 28 U.S. Code § 1343 - Civil rights and elective franchise, Title 42 United States Code 1983 Civil Action for Deprivation of Rights.* Additionally, US Constitution Amendment 5-*Protection of Rights to Life, Liberty and Property*-Due Process clause, US Constitution Amendment 9-*Life Liberty and Pursuit of Happiness,* US Constitution Amendment 14-*Rights to Citizenship* – Due Process required.

## PARTIES

1. Wanda Bowling, Plaintiff, is a former spouse of Lester John Dahlheimer. Her current residence is 4517 Hallmark Dr., Plano Texas in Collin County, Texas.
2. Lester John Dahlheimer Jr., Defendant, is the former spouse of Wanda Bowling. He currently resides at 5445 Caruth Haven, #1128, Dallas, Texas in Dallas County Texas.
3. Paulette Mueller, Defendant, served as Mr. Dahlheimer's attorney. Ms. Mueller is an attorney for Underwood Perkins at 5420 LBJ, #1900, Dallas, Texas 75240.

4. Piper McCraw, Defendant, serves as a Judge in the Collin County Courthouse at 2100 Bloomdale Rd., #30014, McKinney, Texas 75071. Judge Piper McCraw served as the judge in the lawsuit between Wanda Bowling and Lester J. Dahlheimer, Jr. and Lester J. Dahlheimer Sr.(now deceased)
5. Greg Willis, Defendant, serves as the Collin County District Attorney located at 2100 Bloomdale Rd., #100, McKinney, Texas 75071.
6. Craig A. Penfold, Defendant, served as a Court Appointed Receiver from Chicago Title. He is located 5950 Sherry Ln, #220, Dallas, Texas in Dallas County Texas.
7. Rhonda Childress, Defendant, served as a Court Appointed Receiver from Coldwell Banker Apex Realtors
8. David Evans, Defendant, served as one of the active appellate Judges at the 5th District Court of Appeals in Dallas, Texas in Dallas County.
9. Clerk of the Court – 5th Court of Appeals served as the Appellate Court, Defendant, in Dallas, Texas Dallas County.

**COMPLAINT**

The more Plaintiff challenged the unlawful conduct, the more misconduct occurred, and the more individuals participated in covering it up.

Wanda Bowling and Lester Dahlheimer were married in 2004. Mr. Dahlheimer heavily tasked the marriage monetarily(approx. $250,000.00) with his legal custody lawsuits and issues over a child from a previous marriage. He refused to obtain gainful employment to support his custody lawsuits, his multiple contempt of court actions, as well as supporting his son(from another marriage). Defendant Mr. Dahlheimer was in a legal suit 7 of 10 years marriage. Mr.

Dahlheimer also admittedly had a trust fund of "over $10,000,000.00" for which he claimed he had no access to assist in the mounting debt for which Plaintiff' income paid. Plaintiff filed for Divorce in March of 2015 for violence and adultery. Mr. Dahlheimer was living at a property for which Plaintiff placed the full down payment of her separate property in the amount of $88,000.00. Mr. Dahlheimer put nothing down and lived there for nine months before leaving the property.

To gather financial information for the divorce Plaintiff undeleted emails and recovered old computer files. She discovered Mr. Dahlheimer had forged her name on deed transfers of her separate property to himself(owned since 1991), forged her name on misc. property contracts, forged stock proceeds cashed out from Plaintiff's personal stocks, forged insurance proceeds, and used Plaintiff's S Corporation for business purposes. It was also discovered that Mr. Dahlheimer used his multimillion dollar estate and father's assets in 2007 as collateral to take over one of Plaintiff's Georgia properties. Plaintiff is missing $90,000.00 from her equity. Mr. Dahlheimer Senior's(Dahlheimer's father) signature was forged on those documents. Chicago Title was involved in several of those transactions including a false affidavit of title. Also discovered was Mr. Dahlheimer forging Plaintiff's signature on a different purchase contract in collsion with Plaintiff's buyers agent Lee Walla for Plaintiff's property at 4517 Hallmark Dr. in Plano, Texas(property purchased with Plaintiff's separate funds). Plaintiff had signed a conditional contract. Discovered was a restored email sent from Mr. Dahlheimer to Lee Walla, Buyers Agent, of a forged AS IS contract for Plaintiff's property to push the sale through. Mr. Dahlheimer had signed an affidavit in a subsequent court action in the Collin County Court for $70,000.00 of damages(overpayment) denying ever seeing this AS IS contract. Lee Walla was

subpoenaed 3 times for deposition and never showed. In another restored email from Mr. Dahlheimer to Lee Walla he demonstrated(bragged) to the Realtor how he can lay Plaintiff's signature on anything including an empty contract which was attached to the email. Total damages exceed $500,000.00 for multiple criminal acts.

There was little activity in court from 3/2015 to 9/2015 due to unforeseen circumstances where the case was transferred to the Honorable Piper McCraw in September 2015. The Divorce proceedings start 9/2015. Plaintiff pursued discovery in the Divorce proceedings, but was met with little cooperation from opposing counsel, Paulette Mueller, Mr. Dahlheimer, and Judge McCraw.

In response to Plaintiff's inquiries about the fraud and forgeries, Mr. Dahlheimer vandalized Plaintiff's residence, threatened her constantly, possessed all joint moneys to prevent her from getting adequate counsel, and stalked her. Plaintiff had a protection order against Mr. Dahlheimer in the beginning of the divorce, but acquiesced his request to abate the order reducing it to a Rule 11 gentleman's agreement with the same protection language for Mr. Dahlheimer to stay 500 ft away.

Plaintiff endeavored to protect herself with pleadings to compel discovery, motions for contempt, emergency requests for funds from her accounts(for which Mr. Dahlheimer encumbered) to hire adequate counsel, filed application for additional physical protection, and present the forgery and fraud, only to experience Judge Piper McCraw actively thwarted Plaintiff's attempts at every juncture.

Eight months later after filing for divorce Plaintiff spotted Mr. Dahlheimer at her church which is next door and shares a fence with her residence 300 ft away. Plaintiff left church

immediately and learned afterwards from her pastor that Mr. Dahlheimer had been sitting behind her covertly since the divorce was filed. Plaintiff filed for another Protection Order with the DA's office and the clerk of the court. Mr. Dahlheimer was served with another Ex Parte Protection Order on Wednesday of that week. On the following Sunday Plaintiff walked into her church and was told by the staff that Mr. Dahlheimer was sitting in the dark in the back of the church covertly again. Plaintiff left and called the police. Mr. Dahlheimer was arrested for violating a Protection Order. Judge McCraw denied any protection for Plaintiff who provided the arrest and indisputable evidence of Mr. Dahlheimer's historical violence. Additionally, according to an attorney, the District Attorney Greg Willis, expunged Mr. Dahlheimer's arrest record within a few months.

Plaintiff requested Judge Piper McCraw's recusal. Without the due process of the Collin County Administrative Judge selecting an unbiased Judge, and sending a notice, a hearing for recusal was set (no notice) for Dec. 4, 2015. NOTE: It appeared McCraw selected her own Judge. This lack of due process happened for two recusal hearings(the same judge presided), DENIED both recusals, one hearing held without notice to appear to Plaintiff. Just prior to the December's recusal hearing Plaintiff received an unsuspecting letter(unofficial request for appearance) for December 1st, 2015 in another building adjacent to the court regarding a gun Plaintiff owned and purchased in Georgia. Plaintiff appeared with a friend(not knowing an attorney should have attended) and was surprised by the District Attorney's office, Greg Willis, with a false accusation of stealing Mr. Dahlheimer's gun. The DA tried to wrongly incarcerate Plaintiff. The current presiding Judge(criminal court) stepped in and allowed Plaintiff to show proof that she had papers of ownership of the gun which was tied to her permit to carry in

Georgia. The threat of the false accusation and incarceration by District Attorney, Greg Willis, came upon the sunrise of Judge McCraw's recusal hearing. Greg Willis and Piper McCraw have a history of accused collusion of corruption together(2011).

Mr. Dahlheimer, who stood to lose some of his multimillion dollar estate, proceeded to brutalize Plaintiff covering her with no evidence false accusations(felonious level) for which Plaintiff properly proved false. Judge Piper McCraw allowed the no evidence presecution penalizing Plaintiff into submission and loss. Judge McCraw actively prevented Plaintiff from using her funds and other assets to retain adequate representation, consistently denied Plaintiff's pleadings for which were not heard, denied setting hearings, denied presentation of forgery and fraud, denied allowing financial presentation(including separate property ownership), and acted in collusion with the forgery and fraud. Some of the fraud is directly connected to Judge McCraw's orders. Additionally, Judge McCraw, actively in conspiracy with opposing counsel Paulette Mueller, tampered with evidence(on record in a hearing). Ending Plaintiff's persistence in discovery, McCraw held a second recusal hearing and Divorce bench Trial without notifying the Plaintiff. In these hearings without the Plaintiff, Judge McCraw sanctioned Plaintiff for the recusal and issued a default judgement, Divorce Decree, where the Defendant, Mr. Dahlheimer, was awarded much of what was left of Plaintiff's separate property(July 2016) and most of the Community. Judge McCraw also ordered Plaintiff's property to be seized and disposed. Plaintiff was kicked out of her own property 7/19/2016 via order.

**NOTE**: Losing everything Plaintiff had earned in 35 years of working, the Plaintiff was ready to peacefully go away after the default judgment and losing her home, but Mr. Dahlheimer and his attorney Paulette Mueller filed a massive Motion for Enforcement that was full of

felonious falsifications and endeavored for incarceration. Plaintiff had no choice, but to file an appeal 10/11/2016.

In addition to the Kick Out Order Judge McCraw appointed Chicago Title's Craig Penfold to seize and dispose of the property(8/16/2016), who previously participated in the fraud of Mr. Dahlheimer's embezzelment of Plaintiff's Georgia property(2007, 2013). Craig Penfold, Receiver, proceeded to self-appointed himself as Title Company and Closing Attorney as well. Mr. Penfold did not hesitate to seize the property, gouge its equity, and attempt to dispose of the property. Before closing on the property Plaintiff did a walkthrough of the property which showed clear signs of monetary abuse and damages from Craig Penfolds attempts to gouge expenses in the settlement. The top feature of the home was a high ceiling cherry wood library visible from the foyer through two separate French doors where someone sloshed white over the stained cherry wood top to bottom, however, leaving streaks of blue primer. A designer tiled bathroom had the same sloshed white paint over the tiles through the entire room including the shower. Previously freshly painted walls were painted again leaving streaks of the paint below. The pool had degraded, pumps leaked. It was obvious there was abuse of receivership. A $40,000.00 faulty roof was implemented in place of the estimated insurance proceeds of an $87,000.00 designer roof. The new roof left water leaks, drywall damage, animal entry, vent hose damage, attic damage, porch damage, and gutter damage on the property. The current Hallmark mortgage company is holding $20,000.00 while the remainder of the proceeds have disappeared. The roofer claims he was never paid.

10/31/2016 Plaintiff was forced to come to the Chicago Title's office by court order to sign the sales documents of her property. Mr. Penfold attempted to get Plaintiff to hold him

harmless for Receiver, Attorney, and Title Company by signature. Mr. Penfold attached $143,000.00 of expenses against the property of which $111,000.00 was creative/fraud expenses and expenses outside of his authority. This clearly disposed of all Plaintiff's equity and interest in the property. Plaintiff left without signing anything. Thereafter, Craig Penfold pursued Plaintiff and repeatedly threatened her by phone. Plaintiff came back a couple of days later only to experience more threats. Plaintiff left again without signing. Multiple threats from Craig Penfold continued. The outside of the property appeared to be declining(no yard service, pool full of algae, newly refurbished porch scratched/mildewed/breaking apart, trees down). Plaintiff then filed her Emergency Motion to Stay Pending Appeal to take her property back and preserve it, 11/2016, and testified in a pleading to the court as to the damage she had viewed of her property.

Judge McCraw's clerk refused to set a hearing for the Emergency Motion to Stay Pending Appeal. Plaintiff then appealed to the Appellate court which in turn Ordered the Trial Court to hear Plaintiff's Emergency Motion to Stay Pending Appeal. Trial court was forced to set a hearing and granted her Emergency Motion to Stay Pending Appeal 12/15/2016. Plaintiff's Emergency Motion to Stay Pending Appeal asked for (1). Stay the Final Divorce Decree by a roll back to Status Quo of the Rule 11 Agreement giving Plaintiff back exclusive use and possession of her property. 2. Return insurance proceeds to Plaintiff so she can fix the damages(hail damage) to the property. 3. Vacate the entire Receiver Order inclusive of the forced sale of the property. 4. Be reimbursed for the damages to the property while in the possession of the Receiver. The motion was GRANTED. All included in the Motions for Enforcements were to STAY of execution. Damages were DENIED.

Regardless of the GRANTED Stay, thereafter, Judge McCraw proceeded to unlawfully violate her own Order and reissued the same STAYED Orders(3/2/2017) to seize the property and dispose of it again appointing another Receiver. Plaintiff filed another Appeal 3/3/2017. Plaintiff had taken back possession of the property as the STAY allowed and accounted for approximately 80,000.00 of damage from abusive Receivership in gouging, faulty unnecessary work on the home, and vacancy without care.

Judge McCraw was a strong force in seizing Plaintiff's property which was associated with damages due to her own actions and had several counts of fraud and forgery attached to it.

Within a couple of weeks of Plaintiff taking back her property 5/3/2017 she received a phone call on her cell phone from a person at 972-816-8256 stating he was a Plano police officer and he needs to speak with me. He and a tall redhaired female arrived a Plaintiff's residence and were invited in. The male police officer began threatening Plaintiff that "you better leave this residence immediately or be incarcerated". Plaintiff asked for their identification for which neither provided and asked if they "had any police business" for which they could not articulate. Plaintiff told them to leave.

Then, Judge McCraw, outside of her jurisdiction, threatened Plaintiff with an Ex Parte TRO(6/2017 pending appeal) which is not legal in Texas to kick an owner out of their own residence. The new Receiver, Rhonda Childress, sent texts and emails threatening to physically remove Plaintiff. This is all taking place while under a granted Stay Pending Appeal.

Rhonda Childress endeavored to continue threatening Plaintiff and attempted to break into Plaintiff's home(on camera) with an accomplice(large man) while Plaintiff was in the residence. Plaintiff called 911 where a Plano Police Cop immediately showed. Plaintiff

questioned him as he appeared rather quickly. He admitted he was not in his own territory(beat), said he did not have any identification, and said he would do nothing even though the crime was on camera. Plaintiff asked for him to write down his badge and name(he wrote *C. Sanders #1726 Plano PD*). Plaintiff then told him to leave.

As of now Plaintiff's property has several counts of criminal charges and torts associated with it(Sales Contract forgery 70K damages, missing insurance proceeds 67K, insurance proceeds forgery 24k, damages from gouging/Receiver 80K, vandalism, break-ins, damages from lack of care during vacancy, unlawful seizure and disposal orders). The property possesses a great deal of evidence and grounds for the offenses. The cover up spread and the force to dispose of the property became more reckless.

An Appellate Opinion was issued 11/2017 by the Honorable Judge David Evans. The Opinion protected the lawless Judge McCraw and admonished Plaintiff. Plaintiff challenged the Opinion stating either the Judge grossly misstated the record or there was a defect in the record. Plaintiff physically traveled to the appellate court and asked for a copy of all appellate records. Plaintiff learned the clerk records paid for/transferred/received/posted in the Appellate court suddenly disappeared from the record. The following day the appellate clerk of the court asserted the two large clerk records($1,237.00 two files) did not exist. Plaintiff's requested the Appellate court correct the records for a proper rehearing. Judge David Evans denied the request and the Fifth District Clerk of the Court of Appeals never responded to Plaintiff's request. These records were the bulk of evidence that proved the lawlessness of Judge McCraw in her appeal(already completed) and the baseless derogatory Opinion of Judge Evans. This

thwarted Plaintiff's appeal, thwarted a Rehearing of the gross misstatements of Judge Evans Opinion, and thwarted any future defense which was austed 6/15/2018.

As recent as July 2018 Lester Dahlheimer and Rhonda Childress were trying to steal equity from Plaintiff's property at Hallmark in Plano. The Mortgage company called Plaintiff to tell her of the endeavor. Dovenmuehle Mortgage denied their attempts and sent Plaintiff the documentation of their request.

The lawlessness of Judges and lawless protection of Judges, the threats made to Plaintiff, the ongoing forgery/fraud, collusion of gouging, the unlawful coverups, and the monetary loss has driven this Complaint.

The bulk of facts to support this case were of the missing records in the Appellate Court, however, are readily available in the Trial Court records in pleadings inclusive of business affidavits and testimony, the Appellate Court conduct is on record there, and Plaintiff has 99% of the records on disks(purchased).

**UNLAWFUL PARTICIPATION OF THE PARTIES**

**Honorable Judge Piper McCraw**

Judge McCraw conspired with Mr. Dahlheimer, Ms. Mueller, Mr. Penfold, Greg Willis, and Ms. Childress to unlawfully threaten Plaintiff into submission. McCraw exhibited the lack of due process when she denied hearing Plaintiff's pleadings, denied setting times for hearings(directing her clerk), verbally cut her off in court obstructing her to speak, actively denied Plaintiff's attempts to bring in the forgery, fraud, speak to the proof of ownership, and prove damages, prevented Plaintiff from her access to funds for adequate counsel, deprived her of premarital property, assisted in threatening Plaintiff, and held a Recusal hearing and the final

bench Trial for the Divorce without notifying Plaintiff issuing sanctions and a Default Divorce Decree. Judge McCraw denied protection of Plaintiff and her church against an historically proven violent stalker who had been arrested for violating Protection Orders. McCraw's appointment of Chicago Title to participate in the unlawful seizures of property is suspect since Chicago Title had already been involved with several of Mr. Dahlheimer's fraudulent financial transactions. Lastly, Plaintiff is suing Judge McCraw's for the three(3) kickout Orders to wrongfully seize and dispose of Plaintiff's property in assistance with the perpetrators of fraud and forgery. McCraw should be accountable for participating in tampering with governmental records, re-issuing orders for which are under a Stay Pending Appeal(absolutely no jurisdiction), refusing to reduce oral rulings into a written Order allowing for appeal, appointing her own Recusal Judges(twice) to conduct her own Recusal hearings. Plaintiff is also requesting damages for intentional infliction of emotional distress, tortious interference with prospective economic advantage, obstruction of justice, and complete denial of due process.

So far Judge McCraw has enjoyed the autonomy of acting outside of her jurisdiction with no accountability.

**Honorable Judge Evans from the Appellate Court of the Fifth District Court of Appeals**

It is outside Judge Evan's jurisdiction to decline a request for correction of the records. It was made clear in a motion that the main defense in the clerk records cost $1237.00 transferred from the Trial Court had disappeared as asserted by their appellate clerk of the court. Plaintiff requested correction directly to the clerk as well. Judge Evans denied the request conveniently making it impossible for Plaintiff to eradicate his Opinion and unfounded protection of Judge McCraw further proving Plaintiff's brief had merit. This disappearance of records also thwarted

any future Petition for Writ to the Texas Supreme Court. Plaintiff's complaint against Judge Evans: is participating in tampering with governmental records, posting the defaming Opinion of false information on the internet, denying the correction of the records, thwarting Plaintiff's right to an appeal and any future state defense thereby violating her constitutional right to appeal, acting outside of his jurisdiction, and committing this in conspiracy with others. Plaintiff is also requesting damages for intentional infliction of emotional distress, tortious interference with prospective economic advantage, obstruction of justice, and denial of due process.

**Clerk of the Court – Fifth District Court of Appeals**

It was a clerk at the Fifth District Court of Appeals who asserted the bulk of the clerk records did not exist and copied Plaintiff's entire file on a disk for her. Plaintiff had paid/transferred/$1237.00 records to the Appellate court. There are Receipts posted on the Appellate docket for these clerk records. The clerk was made aware of the defect of missing records and Plaintiff requested the clerk correct them. Plaintiff also motioned the court to correct the records. The Clerk declined to correct the records. Plaintiff's claim against the 5th District COA clerk's office is they assisted in tampering with evidence with the judiciary, obstruction of justice, and violated due process.

**Paulette Mueller, UNDERWOOD PERKINS, attorney for Lester John Dahlheimer, Jr.**

Ms. Mueller was provided with documentation of Plaintiff's proof of ownership of the Hallmark property, ownership of the Georgia property, and provided the business affidavits of Mr. Dahlheimer's criminal transactions associated with both properties. Ms. Mueller was

provided with historical records of Mr. Dahlheimer's violence/arrests/admittances. Ms. Mueller was provided with approx. 10 years of marital tax returns, W-2's of each spouse, $139,000.00 of Mr. Dahlheimer's legal custody suit bills/payment, child support and expenses. Ms. Mueller had direct evidence of Mr. Dahlheimer's breach of fiduciary obligations of refusal to support his legal issues, refusal to support the community, refusal to support his premarital obligations to support his son from a previous marriage while having access to his multimillion dollar estate. This left it up to Plaintiff to pay Mr. Dahlheimer's mounting debt during the marriage. Ms. Mueller filed volumes of frivolous pleadings of serious false accusations to clog up the court and oppress the Plaintiff to defend conceal Mr. Dahlheimer's fiduciary breach, fraud, forgery, and violence and threats. Plaintiff's complaint against Ms. Mueller is she participated in the criminal illegal seizure/theft of Plaintiff's properties/assets, participated in the fraud, countered Mr. Dahlheimer's criminal actions by actively countering Plaintiff with knowingly defaming false accusations in pleading after pleading providing no evidence, tampering with governmental records, and participating in threatening Plaintiff into submission in collusion with Mr. Dahlheimer, Judge McCraw, Craig Penfold, and Rhonda Childress. Plaintiff is also requesting damages for defamation(to other attorneys), intentional infliction of emotional distress, malicious prosecution, tortious interference with prospective economic advantage, and obstruction of justice.

**Chicago Title: Craig Penfold – Receiver appointed 7/19/2016 as officer of the court**

An order of Receivership is automatically STAYED during an appeal in the State of Texas. Penfold should have ceased his activities after 10/11/2016 when the appeal was filed.

Plaintiff's claims against Craig Penfold are threatening Plaintiff into submission to criminally steal equity from her, violating her constitutional rights, for damaging the property in his effort to gouge the equity, and for his negligence of caring for it. Plaintiff is also requesting damages for intentional infliction of emotional distress, tortious interference with prospective economic advantage, and obstruction of justice.

**Greg Willis – Collin County District Attorney**

Greg Willis was put on notice early in the case of the complaint above and regarding him. Plaintiff expressed her disenchantment in an email to Greg Willis and his collusion with Judge McCraw. After receiving her email Plaintiff was invited into the DA's office to detail her complaint. After meeting with the District Attorney's office they agreed they would respond to 3 items that drove Plaintiff to her complaint: 1) what STANDING did the District Attorney have to surprise her with an accusation of a criminal offense and try to incarcerate her? 2) what was the "technicality" that hindered them from issuing a Protection Order(with all of the proof of historical violence)? 3) what was the basis for expunging Mr. Dahlheimer's justified arrest?

The District Attorney's office never responded to any of Plaintiff's inquiries. Plaintiff's claims against District Attorney Greg Willis is misusing his position by timely threatening Plaintiff with incarceration with a false accusation of a felony in collusion and conspiracy with Judge McCraw's upcoming recusal hearing. Claims also include acting in collusion with a violent individual to go free from accountability fostering future threats of violence, vandalism, and break-ins. Plaintiff is also requesting damages for malicious prosecutions, intentional

infliction of emotional distress, tortious interference with prospective economic advantage(in conspiracy with others), obstruction of justice, and denial of due process.

**Rhonda Childress Herres – Receiver appointed as officer of the court after Motion to Stay Pending Appeal Order**.

Judge McCraw's appointment of Rhonda Childress as Receiver was unlawful after an order to STAY was granted. Ms. Childress didn't hesitate to quickly seize and attempt to dispose of Plaintiff's property. Ms. Childress immediately appointed herself as Sellers Agent Realtor. Ms. Childress proved to be as aggressive, threatening, and as lawless as Mr. Penfold. She was made aware of the STAY Pending Appeal, yet proceeded forcefully. Ms. Childress made several efforts to kick Plaintiff out of her residence again and again. At one point Ms. Childress threatened to remove Plaintiff physically. Plaintiff called the police multiple times on Ms. Childress who sought to bully Plaintiff with unlawfully seizure and threats. Plaintiff's claims against Ms. Childress is intentional infliction of emotional distress, unlawful attempt to break into Plaintiff's property, unlawful attempt to steal equity in collusion with Mr. Dahlheimer, tortious interference with prospective economic advantage, violating her constitutional rights with criminal intentions, and obstruction of justice.

**Lester John Dahlheimer Jr. former spouse of Wanda Bowling**

After filing for Divorce Plaintiff's findings revealed that Mr. Dahlheimer began his endeavors, unknowingly to Plaintiff, of forgery and fraud within a few months after being married to Plaintiff(October 2004). The forgery and fraud ensued throughout the marriage with

the assistance of Chicago Title in some cases. The details of every incident of forgery and fraud would not survive this Complaint. Plaintiff preserves the right to present each material criminal action to the Northern District Court of Texas.

Plaintiff has involved law enforcement now that her efforts in a civil court were obstructed. Dahlheimer lied in his depositions, on the stand, and in discovery proceedings about the above items. Paulette Mueller used abusive tactics of false accusations, threats to incarcerate, and in collusion with several parties to conceal fraud and forgery. Plaintiff seeks relief from Mr. Dahlheimer all damages described in this Complaint(See breakdown of material damages in Prayers) of fraud, forgery, unlawful threats to keep quiet, soliciting public servants to threaten Plaintiff into submission, and unlawful seizure of Plaintiff's assets. Plaintiff is also requesting damages for intentional infliction of emotional distress, tortious interference with prospective economic advantage, and obstruction of justice.

**Reserving the right to amend adding others:**

Plaintiff reserves the right to add Larry Petr, Lee Walla, unidentified Plano Police, and their establishments(official capacity: APEX, Underwood Perkins, Collin County, Coldwell Banker, Plano Police Department, Chicago Title, P2 Roofing).

## SUPPORTING AUTHORITIES

### LIABILITITES AND LACK OF JUDICIAL IMMUNITY

Under ***Title 42 United States Code 1983 Civil Action for Deprivation of Rights***

Plaintiff applies the below to both Judge McCraw and Judge Evans:

To establish a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove two elements: (1) that there was a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)

AND

"The Supreme Court has held that absolute judicial immunity is overcome "in only two sets of circumstances." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). First, a judge is not immune for non-judicial actions, i.e., actions not taken in a judicial capacity. Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction".

In addition, Plaintiff applies the following:

"If, after jurisdiction attaches in an appellate court, the filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from". *TRAP 25.1.(b) Jurisdiction of Appellate Court.* When a Notice of Appeal is filed, the trial court loses jurisdiction to do anything with the case that would affect the judgment until determination of the appeal". *People v. Perez (1979) 23 C[al].3d 545, 554 [153 Cal. Rptr. 40, 591 P.2d 63].* "Therefore, this Court is without jurisdiction to modify the sentence, or to address issues which are properly before the Appellate Court".

**Judge McCraw lacks immunity:** Plaintiff filed an appeal 10/11/2016 challenging two orders of sanctions, protection orders lacking requirements, two recusals(appointing her own judge), refusing to reduce oral rulings to a written order, holding several hearings without notifying Plaintiff including a Recusal and the Divorce bench trial, and challenged all items in the default Divorce Decree(Receiver, sale of home, all division of property, etc.). After being commanded by the Appellate Court to hear Plaintiff's Emergency Motion to Stay Pending Appeal(previously McCraw refused), Plaintiff was GRANTED the STAY 12/15/2016. On 3/2017 Judge McCraw then re-issued same orders as in the Divorce decree(2nd time) appointing another Receiver and forcing the sale of Plaintiff's property. Then in June of 2017 Judge McCraw further ordered an Ex Parte TRO to immediately kick out Plaintiff from her home and dispose of the property(if a TRO were legal for homeowners in Texas this might be a judicial act,

but it's not legal in Texas). Judge McCraw has acted in clear and complete absence of personal jurisdiction; *Rankin v. Howard, 633 F.2d 844 (1980)*, and complete absence of subject matter jurisdiction *Stump v. Sparkman, 435 U.S. 349 (1978).*

Considering Judge McCraw's other actions in depriving Plaintiff's constitutional rights: Soliciting her own Recusal Judges, tampering with evidence at a hearing in collusion with Ms. Mueller, directing the clerks of the court to deny setting hearings, purposely holding hearings where Plaintiff was not notified(default judgements Divorce and Recusal without redress and issuing sanctions), Ex-Parte TRO for immediate kickout(if it were legal in Texas this would be a judicial act, but it's not legal in Texas), verbally shutting Plaintiff down while presenting evidence(like a school teacher), refusing to allow ownership/financials/protection evidence into court, issuing time limits constraints upon Plaintiff to present. making oral rulings on pleadings and refusing to reduce them to written orders, ruling on pleadings never heard, refusing to obey her own orders(STAY granted) with another order for Receiver and disposal of Plaintiff's property illegally seizing of property.

Plaintiff is attaching additional constitutional violations to Judge McCraw of *28 U.S. Code § 1356 - Seizures not within admiralty and maritime jurisdiction, US Constitution Amendment 4– Protection from unreasonable searches and seizures, 28 U.S. Code § 1343 - Civil rights and elective franchise, 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights,* US Constitution Amendment 5-*Protection of Rights to Life, Liberty and Property*-Due Process clause, US Constitution Amendment 9-*Life Liberty and Pursuit of Happiness*, and US Constitution Amendment 14-*Rights to Citizenship* – Due Process required.

**<u>Judge Evan</u>**'s complete lack of jurisdiction and judicial function. Applying the above and the following:

*Mireles v. Waco, 502 U.S. 9,12 (1991).* See also *Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005)* (three factors generally govern the determination of whether a particular act or omission is entitled to judicial immunity: '(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge.'") (quoting *Lowe v. Letsinger, 772 F.2d 308, 312 (7th Cir. 1985)*)

Judge Evans lacked jurisdiction or right of discretion to determine whether the Appellate records should or should not be corrected. Correcting the record is a function of the clerk of the court, ministerial/administrative, and not a judicial function. Judge Evans fails all factors above and had no jurisdiction to interfere with such function. Judge Evans had an incentive to participate in the disappearance of these records. Whether intentional or not he is in collusion with Fifth District Court of Appeals Clerk in asserting the records did not exist. This action severely violated due process and obstructed Plaintiffs constitutional right to appeal with the Appellate Brief and Rehearing anesthetized by the disappearance of the clerk records.

Plaintiff is applying to Judge Evan other constitutional violations of *28 U.S. Code § 1343 - Civil rights and elective franchise, 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights,* US Constitution Amendment 5-*Protection of Rights to Life, Liberty and Property*-Due Process clause, US Constitution Amendment 9-*Life Liberty and Pursuit of Happiness*, and US Constitution Amendment 14-*Rights to Citizenship* – Due Process required.

<u>LIABILITIES AND LACK OF PROSECUTORIAL IMMUNITY</u>

Plaintiff still applying ***Title 42 United States Code 1983;*** Like judicial immunity, prosecutorial immunity is functional; it attaches only to acts intimately related to the initiation and prosecution of a criminal case. District Attorney Greg Willis's actions to send an unsuspecting(non-charging) to Plaintiff to appear, then falsely accuse the Plaintiff of a felony does not even closely mimic "initiation and prosecution" of a case. Mr. Willis is afforded qualified immunity only.

> In *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).The Court of Appeals ruled that prosecutors are entitled to absolute immunity when out-of-court acts cause injury only to the extent a case proceeds in court, but are entitled only to qualified immunity if the constitutional wrong is complete before the case begins.

In falsely accusing Plaintiff of stealing Mr. Dahlheimer's gun there was obviously no initiation, investigation since ownership was not in question, no case or charges filed prior or currently against Plaintiff, and a threat to incarcerate her before a case began was a force of some extrajudicial influence to frighten her upon the sunset of Judge McCraw's recusal hearing. This is a constitutional wrong before the case begins. Add in the DA's expungement of the proven stalking perpetrator, Mr. Dahlheimer, who was justly arrested for violating the protection order, an order protecting Plaintiff.

Greg Willis directly conspired, OR he failed to adequately train line prosecutors on their duties to due process and state laws on expungement *Van de Kamp v. Goldstein* and prosecutions.

The District Attorney's actions meet all four elements for Malicious Prosecution.

Plaintiff is also applying other constitutional violations to Greg Willis's actions: *28 U.S. Code § 1343 - Civil rights and elective franchise, 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights,* US Constitution Amendment 5-*Protection of Rights to Life, Liberty and*

*Property*-Due Process clause, US Constitution Amendment 9-*Life Liberty and Pursuit of Happiness*, and US Constitution Amendment 14-*Rights to Citizenship* – Due Process required

LIABILITIES FOR OFFICERS OF THE COURT AND CIVIL INDIVIDUALS

Plaintiff applies the following of constitutional violations to Ms. Mueller, Rhonda Childress, Craig Penfold, The Fifth District Court of Appeals, and Lester John Dahlheimer Jr.:

***-42 United States Code 1983 Civil Action for Deprivation of Rights***

***-28 U.S. Code § 1356 - Seizures not within admiralty and maritime jurisdiction***

***-42 U.S. Code § 1985 – Conspiracy to interfere with civil rights***

***-28 U.S. Code § 1367 - Supplemental jurisdiction***

-18, U.S.C., Section 241 – Conspiracy Against Rights;

***-42 United States Code 1983 Civil Action for Deprivation of Rights***

- **US Constitution Amendment 5**-*Protection of Rights to Life*, *Liberty and Property*-Due Process clause,
- **US Constitution Amendment 9**-*Life Liberty and Pursuit of Happiness*

- **US Constitution Amendment 14**-*Rights to Citizenship* – Due Process required

**Paulette Mueller**: On record, Paulette Mueller, attorney for Mr. Dahlheimer, played tag team with Judge McCraw on many occasions. Others in court detected it. There are many reporters records which establish the Judge and Ms. Mueller constructed several unlawful games for which obstructed Plaintiff from being heard and submitting evidence. Judge McCraw and Ms. Mueller's scheme of tampering with Plaintiff's evidence had strategy and design.

Mr. Mueller was given discovery of her client's embezzlement of Plaintiff's properties and the many counts of forgery stealing assets. Ms. Mueller knew of the fraud and forgery. Knowing she had no case, she moved to conceal the criminal offenses conspiring with others. Ms. Mueller trumped up volumes of no-evidence lies, viciously defaming Plaintiff, for which Judge McCraw participated in prosecuting Plaintiff unjustly. Ms. Mueller's privilege and immunity are lost if she participated in her client's commission of fraud.

"The crime-fraud exception can render the privilege moot when communications between an attorney and client are themselves used to further a crime, tort, or fraud. In *Clark v. United States*, the US Supreme Court stated that "A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law. He must let the truth be told".*Clark v. United States*, 289 U.S. 1, 15 (1933)

Ms. Mueller was instrumental with Judge McCraw in having hearings for which Plaintiff was omitted from appearing via notification. Ms. Mueller in collusion with Mr. Dahlheimer and Judge McCraw unlawfully seized Plaintiff's assets and restricted her from her bank accounts for use of hiring adequate counsel to protect her rights.

**Rhonda Childress** and **Craig Penfold** were appointed Receivers and deemed officers of the court. Both, in collusion with the court and other solicited helpers, stepped outside of their duties and jurisdiction to unlawfully seize, gouge, dispose of Plaintiff's property, and threatening her with bodily harm and incarceration.

**The Fifth District Court of Appeals Clerk of the Court;** The Appellate court has two responsibilities that are relative: 1) TRAP 34.5(f) inspect transferred records to the designation documents and safekeeping 2) TRAP 34.5 (d) and (e) correct the record. The clerks have no decisions outside of these rules and procedures. Plaintiff's motioned the court and made a direct request which was ignored by the Clerk's office. Plaintiff's claim against the 5th District COA

clerk's office is they assisted in tampering with evidence and violated due process. This duty is not for discretion of the judiciary. The Texas Rules of Appellate procedure are written for all appellate courts in Texas. It's due process. The Fifth District COA was obligated to correct the record. A judiciary(Evans) directing them to decline should have been ignored.

**Mr. Lester Dahlheimer Jr**. is the glue of wealth in collusion with Judge McCraw, Paulette Mueller, Greg Willis, Judge Evans, the Fifth District Clerk of the Court, Rhonda Childress, and Craig Penfold(Chicago Title). He solicitated public servants to conceal his criminal offenses, encumber Plaintiffs property, and threaten Plaintiff into surrender. They all violated their oaths to the state court. The more Plaintiff challenged the court, the more defendant's actions moved into violating themes. Mr. Dahlheimer, in collusion with Ms. Mueller and Judge McCraw embezzled, unlawfully seized, Plaintiff's assets, forged her name on multiple financial instruments(Real Estate contracts, financial transactions, checks(proceeds and cashed out stock) and brutally threatened Plaintiff using Craig Penfold, Rhonda Childress, Larry Petr, and unidentified Plano Police officers. The more these parties violated constitutional rights, the more each of them covered up for each other.

## RELIEF SOUGHT

1. Assuming Plaintiff will be relinquishing her property per the Divorce Decree Order, damages requested paid by Lester John Dahlheimer: $758,000.00 Also issue a Protection Order reinstating the original Protection Order for life.

| | |
|---|---|
| Plaintiff's separate property: **130 Chessington Dr., Alpharetta, GA purchased in 1991** | |
| Missing equity in separate property: forgery /fraud | $90,000.00 |
| Property: **4517 Hallmark Dr. Plano, TX** | |

| | |
|---|---|
| Separate property down payment | $88,000.00 |
| Fair compensation of earned equity and monetary improvements on property | $110,000.00 |
| Damages lost in court due to forged "AS IS" contract | $70,000.00 |
| Compensatory damages: forgery and fraud | $200,000.00 |
| Punitive damages: forgery and fraud | $200,000.00 |
| RELIEF SOUGHT FROM LESTER DAHLHEIMER | $758,000.00 |

2. Paulette Mueller: Damages requests direct damages of attorney's fees of $50,000.00 and $150,000.00 punitive and compensatory damages. Protection Order issued preventing Ms. Mueller from further actions in the commission of fraud and future malicious prosecution.
3. Judge Piper McCraw: Plaintiff prays for Declaratory Relief, Injunctive, and Order damages of $80,000.00 punitive and compensatory damages. Injunctive relief: Judge McCraw vacate all orders issued relating to Plaintiff and recuse herself.
4. Order Craig A. Penfold to pay for property damages relating to his effort to gouge. *Mr. Penfold can gather for himself all the missing proceeds issued from Travelers Insurance for reimbursement as he was the Receiver during the time insurance checks were issued.

| Damages during Receivership | |
|---|---|
| Damages to property | $80,000.00 |
| *Proceeds due for designer roof | $87,000.00 |
| Attorney's fees defending sales fraud effort | $5,000.00 |
| Compensatory damages(emotional distress) | $30,000.00 |
| Punitive damages | $50,000.00 |
| RELIEF SOUGHT FROM CRAIG PENFOLD | $252,000.00 |

5. Judge David Evans: Plaintiff prays for Declaratory Relief, Injunctive, and Order damages in the amount of $80,000.00 punitive and compensatory. Injunctive relief: Judge Evans vacate

all orders issued in the Appellate court, remove the defaming Opinion from any internet website, and recuse himself and request the recusal of any other related concurring judges.

6. Order damages from the Clerk of the Court – Fifth District Court of Appeals in the amount of $80,000.00 punitive and compensatory damages.
7. Order Greg Willis to pay $80,000.00 punitive and compensatory damages. Issue a Protection Order from any further no evidence prosecution.
8. Order damages from Rhonda Childress in the amount of $80,000.00 punitive and compensatory damages.

Respectfully submitted,

Wanda Bowling
4517 Hallmark Dr.
Plano, Texas 75024
770 335-2539
wldahlheimer@gmail.com

**AFFIDAVIT OF WANDA BOWLING IN SUPPORT OF PLAINTIFFS ORIGINAL COMPLAINT**

THE STATE OF TEXAS COUNTY OF COLLIN

BEFORE ME, the undersigned authority, on this day personally appeared Wanda Lee Bowling, who swore or affirmed to tell truth, and stated as follows: 1. My name is Wanda Lee Bowling and I am over Twenty-One (21) years of age. 2. I have made this Affidavit in support of this Plaintiffs Original Complaint. 3. I am competent in all respects and I am not suffering from any disabilities. 4. The facts in this Plaintiffs Original Complaint are within my personal knowledge herein and know them to be true(collusion and conspiracy excluded).

Respectfully submitted,

[signature]

Wanda Bowling
4517 Hallmark Dr
Plano, TX 75024
770 335-2539,
wldahlheimer@gmail.com

State of Texas County of Collin

SWORN to and SUBSCRIBED before me, the undersigned authority, on the 22 day of August, 2018 year, by Wanda Bowling.

NOTARY PUBLIC STATE OF TEXAS
MATTHEW C. OWENS
Notary Public, State of Texas
Comm. Expires 08-27-2018
Notary ID 12572857-8

## CERTIFICATE OF INTERESTED PARTIES

**Paulette Mueller**
5420 LBJ Freeway, Suite 1900
Two Lincoln Centre
Dallas, Texas 75240
Tel: (972) 661-5114 Fax: (972) 661-5691
State Bar No. 14624300
email: pmueller@uplawtx.com
Attorney for Appellee, Lester J. Dahlheimer, Jr

**Honorable David Evans**
5th Dist. Court of Appeals
600 Commerce St. #200
Dallas, Texas 75202
Tel (214) 712-3400
Dallas, Texas 75202
Tel (214) 712-3400
Fax (214) 745-1083
david@justicedavidevans.com

**Honorable Piper McCraw**
469th District Court
Collin County Courthouse
2100 Bloomdale Rd., 30014
McKinney, Texas 75071
Tel. 972 548-5660
469@collincountytx.gov
State Bar no. 24045261

**Craig Penfold**
Chicago Title/Penfold and Long
5950 Sherry Lane, #220
Dallas, Texas 75225
Tel (214) 559-3131
Fax (214) 521-2428
craig@penfoldlong.com
State Bar no. 15748000

**Greg Willis**
Collin County District Attorney
2100 Bloomdale Rd., 30014, #100
McKinney Texas 75071
Tel (972) 424-1460
Fax (972) 491-4860
State Bar no. 21653500

**Rhonda Childress**
1778 W. McDermott Dr.
Allen, Texas 75013
Cell(972) 741-9582
rhondachildress@hotmail.com

**Lester John Dahlheimer, Jr.**
5445 Caruth Haven, #1128,
Dallas, Texas 75225
404 663-7751
jackdahlheimer@gmail.com

**Fifth District Court of Appeal**
Clerk of the Court
600 Commerce St. #200
Dallas, Texas 75202
Tel (214) 712-3400
Fax (214) 745-1083
theclerk@5th.txcourts.gov

**UNDERWOOD PERKINS**
Bill Underwood
Timothy Perkins
Dallas, Texas 75240
5420 LBJ Freeway, Suite 1900

**APEX REALTY**
Ms. Lori Arnold
465 W President George Bush Hwy #101,
Richardson, TX 75080
Tel: (972) 783-1919 lori@cbapex.com

Two Lincoln Centre
Dallas, Texas 75240
Tel: (972) 661-5114 Fax: (972) 661-5691

**Penfold and Long**
5950 Sherry Lane, #220
Dallas, Texas 75225
Tel (214) 559-3131
Fax (214) 521-2428
derek@penfoldlong.com
craig@penfoldlong

**COLLIN COUNTY GOVERNMENT**
2300 Bloomdale,
McKinney, Texas 75071

**Chicago Title**
5950 Sherry Lane, #220
Dallas, Texas 75225
Tel (214) 521-2424
Fax (214) 521-2428
derek@penfoldlong.com
craig@penfoldlong

**Larry Petr**
P2 Roofing
6268 Ravendale Ln, Dallas,
Dallas, TX 75214
(469) 426-4991

**Lee Walla**
wallalee@yahoo.com
Cell 469-304-1576
Cell 972-809-4716

**Plano Police Department**
Chief Gregory Rushin
909 14th St, Plano, TX 75074
Plano, TX 75074
972-941-2410
policechief@plano.gov

Respectfully submitted,

Wanda Bowling
4517 Hallmark Dr.
Plano, Texas 75024
770 335-2539
Wldahlheimer@gmail.com

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

RECEIVED
AUG 23 2018
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Wanda Bowling

**(b)** County of Residence of First Listed Plaintiff: Collin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
Lester Dahlheimer, Paullette Mueller, Piper McCraw, David Evans, Greg Willis, Craig Penfold, Rhonda Childress

County of Residence of First Listed Defendant: Collin and Dallas counties
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Paullette Mueller for Lester Dahlheimer

8-18CV2232-K

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title 28: 1331, 1343, 1356, 1367 and Title 42 1983, 1985

Brief description of cause:
Property seized, stolen via fraud/forgery, threatened in to submission, tampering with evidence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,610,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*: JUDGE Piper McCraw/David Evans/TSC DOCKET NUMBER 469-51274-2015/05-16-01196-

DATE 8-23-18 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______