# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

WANDA L. BOWLING §
§ Civil Action No. 4:18-CV-610
v. § (Judge Mazzant/Judge Nowak)
§
LESTER JOHN DAHLHEIMER, JR., ET §
AL. §

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Wanda L. Bowling's "Third Emergency Motion for a Re-Urged Temporary Restraining Order Preliminary/Permanent Injunction for Consideration" (Dkt. #50), and "Supplemented Plaintiff's Third Request for TRO/Injunctions" (Dkt. #53) (collectively, the "Third Emergency Motion for TRO").

Plaintiff Wanda L. Bowling ("Bowling") and Defendant Lester John Dahlheimer, Jr. ("Dahlheimer") recently elected to end their marriage. In July 2016, the 469th District Court in Collin County, Texas (the "State Trial Court") signed a Final Decree of Divorce (the "Final Decree"), directing that real property located in Plano, Texas (the "Property") was to be sold, with each party receiving one-half of the net proceeds from the sale (Dkt. #52, Exhibit 1 at pp. 5, 8). Bowling presently resides at the Property and does not want it to be sold. Accordingly, Bowling mounted two unsuccessful appeals, first to the Fifth District Court of Appeals, and later to the Texas Supreme Court. Dahlheimer then filed a motion to enforce the terms of the Final Divorce Decree in state court in July 2018.

A month later, while the motion to enforce the Final Divorce Decree was pending, Bowling initiated this action. Bowling alleges that, during the course of their divorce proceeding, Dahlheimer misappropriated her assets, and fellow-Defendants Paulette Mueller, Judge Piper

McCraw, Greg Willis, Craig A. Penfold, Judge David Evans, Clerk of the Court for the Fifth District Court of Appeals, and Rhonda Childress-Herres violated her rights. Bowling alleges that each of the aforementioned Defendants have interfered with her rights to the Property.

Bowling subsequently filed several motions seeking injunctive relief to prevent Defendants from seizing or disposing of the Property. These include an Emergency Motion for TRO (Dkt. #4), which the Court denied (Dkt. 6), an "Amended" Emergency Motion for TRO (Dkt. #6), a Motion to Vacate or Dismiss the Order denying the First Emergency Motion (Dkt. # 10), and a Second Application for TRO (Dkt. #24). In her Report and Recommendation (Dkt. #44), the Magistrate Judge advised the Court to deny each of these motions. She reasoned, among other grounds, that Bowling failed to identify the date by which the Property would be sold and, as a result, had not demonstrated that she would suffer *immediate* and irreparable harm. Before the Court could act on the Report and Recommendation, however, Bowling filed her Third Emergency Motion for TRO (Dkt. #50; Dkt. #53). Bowling argues that the threat of foreclosure is now imminent because, in October 2018, the state court granted Dahlheimer's motion to enforce the terms of the Final Divorce Decree, and Defendants have moved to act on that Order even if they have yet to succeed in removing her from the Property.[1]

As made clear by her latest filings, the Court cannot grant Bowling the relief she seeks. The Anti-Injunction Act prohibits federal district courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has explained that the term "proceeding" is comprehensive, and "'applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view

---

[1] Bowling states that, after a "heated argument ensued about allowing the Federal Court to rule on the TRO," police officers who were at the Property to enforce the State Court Judgment left (Dkt. #53 at p. 4).

2

to making the suit or judgment effective.'" *See Gloucester Marine Railways Corp. v. Charles Parisi, Inc.*, 848 F.2d 12, 15 (1st Cir. 1988) (quoting *Hill v. Marin*, 296 U.S. 393, 403 (1935)). Bowling has not suggested, and the Court has no reason to conclude, that any exception to the Anti-Injunction Act's general prohibition applies here. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 443 (1974) (explaining that the movant bears the burden of establishing its entitlement to a TRO).[2] Accordingly, because Bowling seeks to "enjoin [Defendants] from enforcing a valid extant judgment of a Texas court[,] [t]he district court [lacks] jurisdiction to grant that relief [under] the Anti-Injunction Act."[3] *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013).

For these reasons, Bowling's Third Emergency Motion for a TRO (Dkt. #50; Dkt. #53) is **DENIED**. Bowling's Amended Emergency Motion for TRO (Dkt. #9), Motion to Vacate or Dismiss the Order of TRO (Dkt. #10), and Second Application for Temporary Restraining Order (Dkt. #24)—which seek the same relief—are therefore **DENIED AS MOOT**.

**SIGNED this 23rd day of October, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] *See also United States v. Billingsley*, 615 F.3d 404, 409-10 (5th Cir. 2010) (explaining that doubts as to whether the Anti-Injunction Act applies should be resolved against the party seeking the injunction).

[3] The Court therefore does not address the merits of her request, otherwise. *See In re Franchise Srvs. of North America, Inc.*, 891 F.3d 198, 205-06 (5th Cir. 2018) (explaining that courts are not to render advisory opinions).