# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WANDA BOWLING | § | |
| | § | Civil Action No.  4:18-CV-610 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| | § | |
| LESTER JOHN DAHLHEIMER, JR., ET | § | |
| AL. | § | |

## MEMORANDUM ADOPTING REPORTS AND
## RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the following Reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.  On March 7, 2019, the Report of the Magistrate Judge (Dkt. #89) was entered containing proposed findings of fact and recommendations that Defendant Judge Piper McCraw's Motion to Dismiss be granted.  On March 8, 2019, the Reports of the Magistrate Judge (Dkts. #92; #93) were entered containing proposed findings of fact and recommendations that the Motions to Dismiss filed by Defendants Justice David Evans and the Clerk of the Court each be granted. Lastly, on April 2, 2019, the Report of the Magistrate Judge (Dkt. #103) was entered containing proposed findings of fact and recommendations that Defendant District Attorney Greg Willis's ("DA Willis") Motion to Dismiss be granted.  Having received the Reports and Recommendations of the Magistrate Judge, having considered Plaintiff's objections (Dkts. #96; #97; #98; #109), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's Reports should be adopted.

## RELEVANT BACKGROUND

The facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety.[1]  On August 23, 2018, Plaintiff filed suit in the Northern District of Texas, against her former spouse Lester John Dahlheimer, Jr. ("Dahlheimer"); the estate of her former father-in-law Lester John Dahlheimer, Sr. ("Dahlheimer, Sr."); Dahlheimer's divorce counsel Paulette Mueller; Judge Piper McCraw; District Attorney Greg Willis; Justice David Evans; the Fifth District Court of Appeals Clerk of the Court; and Court-Appointed Receivers Craig A. Penfold and Rhonda Childress-Herres (Dkt. #2).  Plaintiff's claims against these Defendants all relate to or otherwise stem from her underlying divorce proceeding filed in 2015.   Specifically, Plaintiff alleges that her former spouse misappropriated Plaintiff's assets throughout their marriage and divorce proceeding, and that the remaining Defendants unlawfully participated, in one manner or another, in either the divorce proceeding or the subsequent enforcement proceedings.  Plaintiff's live Complaint asserts the Defendants "violat[ed] Plaintiff's constitutional rights [by] their participation in conspiracy to unlawfully seize property, misc. assets, forgery, fraud, cover up of unlawful conduct, tampering with evidence, FURTHER using threat tactics to bully Plaintiff into quiet submission" (Dkt. #2 at p. 1) (emphasis in original).

On March 7, 2019, and March 8, 2019, respectively, the Magistrate Judge recommended that Judge McCraw and Justice Evans's Motion to Dismiss be granted because Plaintiff's claims against these judges: (1) in their official capacity are barred by sovereign immunity; (2) are barred by *Rooker-Feldman*; and (3) are barred by absolute judicial immunity (Dkts. #89, #92).  Also on March 8, 2019, the Magistrate Judge recommended that the Clerk of the Court's Motion to Dismiss be granted because Plaintiff's claims against the Clerk: (1) are against a non-jural entity, incapable

---

[1] Plaintiff makes several objections to the factual background in the Report (Dkt. #96 at p. 3); upon independent review, the Court finds Plaintiff's objections to be unfounded and/or irrelevant.  Plaintiff's objections are overruled.

of being sued; (2) in her official capacity are barred by sovereign immunity; (3) are barred by *Rooker-Feldman*; and (4) fail to state a violation of Plaintiff's constitutional rights under § 1983 (Dkt. #93). Plaintiff filed her Objections to these three Reports on March 21, 2019 (Dkts. #96; #97; #98). Thereafter, on April 2, 2019, the Magistrate Judge further recommended that DA Willis's Motion to Dismiss be granted because Plaintiff's claims against DA Willis: (1) in his official capacity are barred by sovereign immunity; (2) are barred by absolute prosecutorial immunity; and (3) fail to allege any personal involvement of DA Willis, necessary to state a claim under § 1983 (Dkt. #103). Plaintiff filed objections to this Report on April 16, 2019 (Dkt. #109).

## PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). Through her filings, Plaintiff has asserted nine (9) objections to the Magistrate Judge's recommendations (Dkts. #89; #92; #93; #103): (1) the Report incorrectly found that Judge McCraw, Justice Evans, the Clerk of the Court, and DA Willis are entitled to sovereign immunity (Dkts. #96 at pp. 6–7; #97 at p. 7; #98 at p. 2; #109 at pp. 4, 7); (2) *Rooker-Feldman* does not bar Plaintiff's claims against Judge McCraw, Justice Evans, and the Clerk of the Court because "there was extrinsic fraud" (Dkts. #96 at pp. 5, 8–9; #97 at p. 9; #98 at p. 4); (3) Judge McCraw and Justice Evans are not entitled to absolute judicial immunity because both individuals stepped outside of their judicial roles (Dkts. #96 at pp. 10–13; #97 at pp. 3, 7); (4) Plaintiff sufficiently stated a § 1983 claim against the agency of the Clerk of the Court, not Lisa Matz, because "the clerk [] refused to correct the record," thereby "violat[ing] Plaintiff's due process constitutional right" (Dkt. #98 at p. 3); (5) DA Willis is not entitled to prosecutorial immunity (Dkt. #109 at pp. 5–7); (6) Plaintiff has

sufficiently pleaded a malicious prosecution claim against DA Willis (Dkt. #109 at pp. 9–10); (7) Plaintiff's claims against DA Willis are not time-barred because Plaintiff previously "presented her claims in her second Motion to Recuse Judge McCraw (7/5/2016), her Appellant Brief (4/2017) and other motions" (Dkt. #109 at p. 10); (8) the Report incorrectly recommended dismissal of Plaintiff's conspiracy claim because "[c]onspiracy isn't a claim that can be proven by a pleading" (Dkt. #109 at p. 10); and (9) Plaintiff's allegations support a finding of punitive damages against DA Willis (Dkt. #109 at pp. 2–3). The Court now considers these objections.[2]

***Sovereign Immunity***

Defendants Judge McCraw, Justice Evans, the Clerk of the Court, and DA Willis all asserted sovereign immunity as a bar to Plaintiff's claims against them in their official capacities. The Reports found that each were entitled to sovereign immunity, resulting in dismissal of any claims against them in their official (but not individual) capacities (Dkts. #89 at pp. 10–11; #92 at pp. 9–10; #93 at p. 13; #103 at p. 9).

As to Judge McCraw, Plaintiff objects that "Judge Nowak elevates Judge McCraw to have sovereignty only God possesses" (Dkt. #96 at p. 6), and asserts that an exception to sovereign immunity are claims brought under the Fourteenth Amendment, which "provide[s] for private suits against States or state official which are constitutionally impermissible in other contexts" (Dkt. #96 at p. 8). Plaintiff is mistaken that raising a claim under the Fourteenth Amendment waives Judge McCraw's sovereign immunity; sovereign immunity is waived and an individual may sue the state where a state consents or "Congress abrogates the state's sovereign immunity pursuant to [section 5 of] the Fourteenth Amendment." *Sias v. Jacobs*, 6:17CV413, 2017 WL 8229544, at *3 (E.D. Tex. Dec. 11, 2017), *report and recommendation adopted,* 6:17CV413, 2018

---

[2] Plaintiff raises certain arguments that could be construed as a request to recuse the Magistrate Judge. To the extent Plaintiff asks for recusal, such request is denied at present.

WL 1335424 (E.D. Tex. Mar. 14, 2018), *appeal dismissed,* 18-40280, 2018 WL 4677432 (5th Cir.

Apr. 20, 2018) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S.

666, 670 (1999)). There is no such Congressional abrogation before the Court.

Moreover, as to Justice Evans, the Clerk of the Court, and DA Willis, Plaintiff objects that

"[t]he Eleventh Amendment limits official capacity claims against certain state officials (not all)

to prospective injunctive relief, it does not affect damage claims against those officials in their

individual capacity" (Dkts. #97 at p. 7; #98 at p. 2; #109 at p. 7). This statement is consistent with

the findings of the Reports; the Magistrate Judge found only Plaintiff's claims against Defendants

in their official capacities were barred by sovereign immunity and continued on to discuss

Plaintiff's remaining claims against Defendants in their individual capacities. In her objections to

the Report addressing her claims against DA Willis, Plaintiff also alleges that sovereign immunity

"relates to The Texas Tort Claims Act[,] which has nothing to do with Plaintiff's Complaint" and

"Judge Nowak mistranslates Ramming v. US [sic] as applied to proving 'facts' when it is nothing

of the sort" (Dkt. #109 at p. 4). These statements are nonsensical. Plaintiff's first objection is

overruled.

**Rooker-Feldman** *Doctrine*

The Reports further found that Plaintiff's claims against Judge McCraw, Justice Evans,

and the Clerk of the Court are barred by the *Rooker-Feldman* doctrine to the extent that Plaintiff

has asserted a collateral attack on the orders issued in Plaintiff's divorce proceeding. Plaintiff

argues, in her second objection, that "[t]he Rooker-Feldman doctrine has become perverted" and

is not intended for use in cases like the instant matter (Dkts. #96 at p. 8; #97 at p. 9; #98 at p. 4).

The Reports specifically addressed this argument:

> Plaintiff contends that "[t]he *Rooker-Feldman* doctrine has become perverted in
> that [t]he *Rooker-Feldman* doctrine was originally related to the Anti-Injunction

> Act. . . Somehow it was twisted, and is about to be abolished". . . .Contrary to Plaintiff's assertions, "[c]ourts in this circuit have 'consistently applied [and continue to apply] the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support.'"

(Dkts. #92 at p. 12; #93 at p. 15). Plaintiff does not raise any new authority or arguments in support of this contention; the Court agrees with the assessment of the Magistrate Judge, courts in this circuit have consistently applied *Rooker-Feldman* as a bar to federal jurisdiction over matters related to divorce.

Plaintiff next argues *Rooker-Feldman* is inapplicable because the Reports failed to consider extrinsic fraud (Dkts. #96 at p. 8; #97 at p. 9; #98 at p. 4). In support of her contention, Plaintiff relies on a Ninth Circuit case, *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1141 (9th Cir. 2004) (Dkts. #96 at pp. 8–9; #97 at pp. 9–10; #98 at pp. 4–5). The *Kougasian* court held that "*Rooker–Feldman* 'does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud.'" *Stabler v. Ryan*, 949 F. Supp. 2d 663, 666–67 (E.D. La. 2013). However, "Fifth Circuit precedent differs on this point"; "in *Truong v. Bank of America, N.A.,* 717 F.3d 377 (5th Cir. 2013), the Fifth Circuit decided whether the *Rooker–Feldman* doctrine applied to a complaint alleging that the 'unfair and deceptive' acts of two banks resulted in wrongful foreclosure on the plaintiff's mortgage loan." *Id.* at 667; *see also Houston v. Queen*, 8 F. Supp. 3d 815, 823–24 (W.D. La. 2014), *aff'd sub nom. Houston v. Venneta Queen*, 606 F. App'x 725 (5th Cir. 2015) ("In the Fifth Circuit, the relevant inquiry is whether fraud allegations are independent for purposes of the *Rooker–Feldman* doctrine. . . .The Houston Brothers' decision to frame their fraud claim as a civil rights action for injuries arising from a state court's judgment does not confer this Court with the jurisdiction necessary to review and invalidate the Judgment of Possession.") (citing *Price v. Porter,* 351 F. App'x 925, 926–27 (5th Cir. 2009)). "In determining whether *Rooker–*

*Feldman* forbade the plaintiff from bringing the case, the Fifth Circuit explained: '[o]ne hallmark of the *Rooker–Feldman* inquiry is what the federal court is being asked to review and reject. A federal district court lacks jurisdiction over challenges to *state court decisions in particular cases* arising out of *judicial proceedings.*'" *Stabler*, 949 F. Supp. 2d at 667 (quoting *Truong,* 717 F.3d at 382) (emphasis in original). "[T]he second 'hallmark' is 'the source of the federal plaintiff's alleged injury,' and specifically, whether the plaintiff asserts as a legal wrong 'an allegedly erroneous decision by a state court' or 'an allegedly illegal act or omission by an adverse party.'" *Id.* (quoting *Truong,* 717 F.3d at 383). "[T]he Fifth Circuit clarified that there is 'no general rule that *any* claim that relies on a fraud allegation is an "independent claim" for *Rooker–Feldman* purposes,'" and expressly distinguished cases in which parties brought direct challenges to state court judgments. *Id.* (quoting *Truong,* 717 F.3d at n. 3; citing *Magor v. GMAC Mortgage, L.L.C.,* 456 F. App'x 334, 336 (5th Cir. 2011)).

Here, Plaintiff's claims against Judge McCraw, Justice Evans, and the Clerk of the Court are attacks on the state court judgment itself; notably, although Plaintiff avers that "[n]owhere in Plaintiff's Complaint is there a request to review and relitigate any final judgments made in the state court" (Dkts. #96 at p. 9; #97 at p. 10; #98 at p. 5), Plaintiff clearly requests that the orders and judgments entered in the underlying divorce proceedings be vacated, and that the judges recuse themselves from the matter. Plaintiff's claims, even though characterized as civil rights claims, do nothing more than "'invite district court review and rejection' of the state divorce decree." *Blessett v. Texas Office of Attorney Gen. Galveston County Child Support Enf't Div.*, 756 F. App'x 445, 446 (5th Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. at 280, 284 (2005)); *Sookma v. Millard,* 151 F. App'x 299, 300 (5th Cir. 2005) (*Rooker–Feldman* bars the losing party's claim that the parties to the state suit conspired with the judge to

deprive her of civil rights when she sought to enjoin enforcement of the state court divorce decree and damages).[3]  Plaintiff's second objection is overruled.[4]

***Judicial Immunity***

Plaintiff argues that Judge McCraw and Justice Evans are not entitled to judicial immunity because both judges acted outside of their judicial role and without jurisdiction.  Specifically, as to Judge McCraw, Plaintiff argues that Judge McCraw engaged in non-judicial actions by "directing her clerk to deny a hearing," "appoint[ing] her own recusal Judge twice," and recused herself, but then still proceeded over a hearing in state court (Dkt. #96 at pp. 11–12).  Considering these allegations, the Report found:

> Judge McCraw's actions—denying requests for hearing, denying requests for injunctive relief, issuing orders, refusing to recuse herself, and maintaining control of the courtroom and the court's docket—were clearly judicial functions. "In other words, [Plaintiff's] claims against Judge [McCraw] derive from a function normally performed by a judge: the running of a case assigned to [her] state court docket. Plaintiff's claims against Judge [McCraw] arise out of actions that occurred in a courtroom or appropriate adjunct space, and that centered around a case pending before [her]". . . . Indeed, everything Plaintiff complains of relates to actions Judge McCraw took as a judge. If Plaintiff thought decisions in her case were in error, the remedy would have been an appeal or other remedy in state court addressing the merits of her case.

(Dkt. #89 at pp. 20–21).  Indeed, as the Report found, Plaintiff's allegations against Judge McCraw are all judicial functions, and therefore are barred by judicial immunity.  *See Pina-Rodriquez v. Burroughs*, 2:13- CV-124-J, 2014 WL 947667, at *10 (N.D. Tex. Mar. 11, 2014).  Further, the Report addressed whether Judge McCraw lacked jurisdiction over the underlying state court matter, finding that

---

[3] Furthermore, the Reports qualified "[t]o the extent that [Plaintiff] ha[s] asserted a collateral attack on the orders issued in [Plaintiff's] divorce, that constitutes a collateral attack on the ruling of the state court and this Court does not have the jurisdiction to grant the requested relief." (Dkt. #89 at p. 16).

[4] Plaintiff also argues that the Domestic Relations Exception does not apply in the instant case (Dkts. #96 at p. 9; #97 at p. 8; #98 at p. 3).  The Reports found that the Domestic Relations Exception was not applicable in this matter because diversity jurisdiction was not the basis for the Court's subject matter jurisdiction.

> Judge McCraw, as presiding judge for the 469th District Court of the State of Texas, has general subject matter jurisdiction to preside over [Plaintiff's] case. The 469th District Court is a court of general jurisdiction provided by Article V, Section 8, of the Texas Constitution; and has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest. . . . [Plaintiff's] Complaint listed a dispute over the homestead, which was worth well over the $500.00 threshold for subject matter jurisdiction

(Dkt. #89 at n. 8). Plaintiff has failed to proffer any authority to the contrary.

Plaintiff similarly argues that Justice Evans is not entitled to judicial immunity because he is not protected for non-judicial actions and acted outside of his jurisdiction. Specifically, Plaintiff asserts that "[Justice] Evans. . . had an administrative obligation to direct the clerks to correct the records" after Plaintiff "motioned the court making it clear the Memorandum had misstatements and no evidentiary foundation" (Dkt. #97 at p. 4), and "[t]his action to correct the records is a DUTY of the clerk of the court. [Justice Evans] controlled the duty of the Fifth District Court of Appeals. [Justice] Evans acted outside of his jurisdiction" (Dkt. #97 at p. 5). The Report addressed these arguments as well, finding:

> Plaintiff's allegations that Justice Evans authored an opinion affirming the trial court, denied her request for hearing on correcting the appellate record, denied her motion to correct the appellate record, and otherwise generally exercised control over his court's docket are all clearly judicial functions. . . . Plaintiff is unable to sue a judge for actions taken as a judge simply because she feels the judge made errors or exceeded his authority.

(Dkt. #92 at p. 20). As the Report found, Plaintiff's allegations against Justice Evans are judicial functions, and therefore are barred by judicial immunity. *Paup v. Texas*, 6:16-CV-417-RWSKNM, 2017 WL 9289648, at *10 (E.D. Tex. Jan. 31, 2017), *report and recommendation adopted,* 6:16-CV-417-RWS-KNM, 2017 WL 1129906 (E.D. Tex. Mar. 27, 2017). The Report also addressed whether Justice Evans lacked jurisdiction over the underlying state court appellate proceedings, finding that:

> Justice Evans, as a justice of the Fifth District Court of Appeals, has appellate jurisdiction to preside over [Plaintiff's] appeal of her divorce. The Fifth District Court of Appeals is a court of general jurisdiction provided by Article V, Section 8, of the Texas Constitution; and has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs. . . [Plaintiff's] Complaint listed a dispute over the homestead in the Dallas area, which was worth well over the $250.00 threshold for subject matter jurisdiction.

(Dkt. #92 at n. 8). Plaintiff has failed to proffer any authority to the contrary. Plaintiff's third objection is overruled.[5]

### Clerk of the Court

As a threshold issue to Plaintiff's objection, Plaintiff confirms that she "is suing the agency Clerk of the Court" (Dkt. #98 at p. 1), not Lisa Matz; Plaintiff avers that if Ms. Matz "is accountable then Plaintiff will add her to the suit." The Clerk of the Court is not a jural entity that can be sued. As the Report found, "Texas Government Code § 51.204. . . does not give a jural identity to the office or agency Clerk of the Court, or grant the office or agency the power to sue or be sued. Plaintiff has failed to demonstrate that the Clerk of the Court can initiate litigation on its own behalf or be sued" (Dkt. #93 at pp. 10–11). Plaintiff has decried seeking any relief against Ms. Matz. Plaintiff's objection is overruled.

### DA Willis

#### Prosecutorial Immunity

Plaintiff argues in her fifth objection that DA Willis is not entitled to prosecutorial immunity because "District Attorney Greg Willis's actions to send an unsuspecting (non-charging)

---

[5] Plaintiff also argues that Judge McCraw and Justice Evans are not entitled to qualified immunity (Dkts. #96 at p. 13; #97 at p. 5). The Reports did not reach Judge McCraw or Justice Evans's arguments regarding qualified immunity; Plaintiff's objections are overruled.

[sic] to Plaintiff to appear, then falsely accuse the Plaintiff of a felony does not even closely mimic 'initiation and prosecution' of a case" (Dkt. #109 at p. 5). To this point, the Report found:

> the acts identified in Plaintiff's complaint were performed in the scope of his prosecutorial functions. . . . to Plaintiff's argument that DA Willis's "request" for her to appear at hearing, such statement appears to be inaccurate and based upon Plaintiff's misunderstanding regarding the DA's office and its relationship to or with the Sheriffs Office. On April 14, 2015, Sergeant M. Vance of the Collin County Sheriffs Office requested a property hearing to determine "the rightful owner of the firearm and ammunition." Plaintiff is listed as a witness. On November 11, 2015, notice of the hearing was sent to Plaintiff and Mr. Dahlheimer. The record demonstrates that DA Willis did not send the complained-of request to appear at the state court property hearing, but even had DA Willis sent a subpoena requesting Plaintiff's appearance, such an action would be protected by prosecutorial immunity.

(Dkt. #103 at pp. 14–15).[6] Plaintiff does not assert any authority or argument in support of her objection to the above finding. Upon review, as the Report found, Plaintiff's claims against DA Willis, as alleged, involve DA Willis's prosecutorial function. *See Hereford v. Say*, 5:13-CV-00222-C, 2014 WL 5343328, at *4 (N.D. Tex. Oct. 21, 2014). Plaintiff's objection is overruled.

### Personal Involvement

In connection with DA Willis, the Report further recites that "Plaintiff does not raise any factual allegations of individualized conduct taken by DA Willis," and instead, "[t]he majority, if not all, of Plaintiff's allegations directed to DA Willis involve purported actions taken by other assistant district attorneys. . . .§ 1983 does not impose vicarious or respondeat-superior liability on officials" (Dkt. #103 at p. 17). Plaintiff objects to this finding and argues that "Judge Nowak cannot make this judgement until after discovery" (Dkt. #109 at p. 9). Plaintiff is mistaken; this

---

[6] Plaintiff contends that the "defense story about the 'sheriff' is absolute fabrication. Plaintiff cannot identify this story or claim in any pleading. Judge Nowak is either getting her information Ex parte or is simply creating the defense" (Dkt. #109 at p. 6). Plaintiff is mistaken; such information was provided to the Court and to Plaintiff on November 16, 2018 (Dkts. #69 at p. 4; #69-2).

is an argument that is appropriately considered at the motion to dismiss stage. *See Pompura v. Willis*, 4:16-cv-766 (E.D. Tex 2017). Plaintiff's objection is overruled.

### Statute of Limitations

The Report also found Plaintiff's claims against DA Willis were time-barred. Plaintiff argues again that she preserved these claims by raising them "in her second Motion to Recuse Judge McCraw (7/5/2016), her Appellant Brief (4/2017), and other motions" (Dkt. #109 at p. 10). Plaintiff's allegations related to DA Willis in the instant case all took place in 2015. Plaintiff filed suit on August 23, 2018, well over two years following these incidents. Plaintiff did not preserve the tolling of limitations by mentioning such complaints in earlier filings. Plaintiff's objection is overruled.

### Conspiracy and Malicious Prosecution

Plaintiff next argues that neither malicious prosecution, nor "[c]onspiracy [are] a claim that can be proven by a pleading. Discovery must be allowed" (Dkt. #109 at pp. 9, 10). Plaintiff is again incorrect; both claims must be properly pleaded prior to discovery, and if they are not, are properly dismissed in a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Specifically, regarding the malicious prosecution claim, the Report noted that "because the Constitution does not include a right to be free from malicious prosecution (as Plaintiff pleads), she has failed to state a claim" (Dkt. #103 at pp. 20–21). Plaintiff has failed to provide any contrary authority. Further, the Report noted that "Plaintiff has wholly failed to support [Plaintiff's] argument that DA Willis conspired to lodge false accusations against her so as to undermine her divorce proceedings before Judge McCraw" (Dkt. #103 at p. 21). Upon independent review, the undersigned finds that Plaintiff fails to support any conspiracy involving DA Willis with specific factual allegations, and instead, relies primarily on her unfounded suspicions as support for her

claim. Such allegations are insufficient to state a claim for relief. *E.G. v. Bond*, No. 1:16-CV-068-C, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017) (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)). Plaintiff's objection is overruled.

### *Punitive Damages*

Plaintiff also states that the Magistrate Judge unfairly advocated for the Defendants in the Reports. Upon review of the record, the undersigned finds Plaintiff's allegations to be baseless and unfounded in the record. For example, Plaintiff argues that the Magistrate Judge raised the argument that Plaintiff is not entitled to an award of punitive damages from DA Willis because she fails to state any claim for relief (Dkt. #109 at p. 2). However, in DA Willis's Motion to Dismiss, DA Willis clearly argues, "[f]inally, Plaintiff has failed to allege any viable claims for recovery of punitive damages" (Dkt. #35 at pp. 2, 3, 8, 18). Plaintiff's objections are overruled.

### *Futility of Amendment*

As a final matter, the Reports each found that Plaintiff should be not be given an opportunity to amend her claims against Judge McCraw, Justice Evans, the Clerk of the Court, and DA Willis because such amendment would be futile in light of the various immunities raised and the applicability of the *Rooker-Feldman* doctrine. The Court agrees, and further notes that the Magistrate Judge has not foreclosed Plaintiff's ability to request leave to amend her claims against the remaining Defendants following the undersigned's review of the Reports considered herein.

## CONCLUSION

Having considered Plaintiff's Objections (Dkts. #96; #97; #98; #109), and having conducted a de novo review, the Court adopts the Magistrate Judge's Reports (Dkts. #89; #92; #93; #103) as the findings and conclusions of the Court.

It is **ORDERED** that Defendant Judge Piper McCraw's Fed. R. Civ. P. 12(b)(1) and 12(b)(b)(6) Motion to Dismiss (Dkt. #37), Defendant Justice David Evans' Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss (Dkt. #38), Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Motion to Dismiss by Defendant Lisa Matz, Clerk of the Court of the 5th District Court of Appeals (Dkt. #39), and Defendant District Attorney Greg Willis' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #35) each be **GRANTED**. It is further **ORDERED** that Plaintiff's claims against Judge McCraw, Justice Evans, the Clerk of the Court, and DA Willis (in his official capacity) are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's claims against DA Willis (in his individual capacity) are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the remaining Defendants, not addressed by the referenced Reports, Lester John Dahlheimer, Jr., the estate of her former father-in-law Lester John Dahlheimer, Sr., Paulette Mueller, and Court-Appointed Receivers Craig A. Penfold and Rhonda Childress-Herres remain.

**IT IS SO ORDERED**.

**SIGNED this 7th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE