# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WANDA L. BOWLING | § |
| | § Civil Action No. 4:18-CV-610 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| LESTER JOHN DAHLHEIMER, JR., | § |
| ET AL. | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 7, 2019, the Report of the Magistrate Judge (Dkt. #124) was entered containing proposed findings of fact and recommendations that Defendants Lester John Dahlheimer, Jr. and Paulette Mueller's Motion to Dismiss Plaintiff's First Original Complaint with Prejudice (Dkt. #41) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #137), Defendants' Response (Dkt. #145), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety.[1] On August 23, 2018, Plaintiff filed suit in the Northern District of Texas, against her former spouse Lester John Dahlheimer, Jr. ("Dahlheimer"); the estate of her former father-in-law Lester John Dahlheimer, Sr. ("Dahlheimer, Sr."); Dahlheimer's divorce counsel Paulette Mueller; Judge Piper McCraw; District Attorney Greg Willis; Justice David Evans; the Fifth

---

[1] Plaintiff makes several objections to the factual background in the report (Dkt. #137 at pp. 1–3); upon independent review, the Court finds Plaintiff's objections to be unfounded and/or irrelevant. Plaintiff's objections related to the factual recitation contained in the report are overruled.

District Court of Appeals Clerk of the Court; and Court-Appointed Receivers Craig A. Penfold and Rhonda Childress-Herres (Dkt. #2). Plaintiff's claims against these Defendants all relate to or otherwise stem from her underlying divorce proceeding filed in 2015. Specifically, Plaintiff alleges that her former spouse misappropriated Plaintiff's assets throughout their marriage and divorce proceeding, and that the remaining Defendants unlawfully participated, in one manner or another, in either the divorce proceeding or the subsequent enforcement proceedings. Plaintiff's live Complaint asserts the Defendants "violat[ed] Plaintiff's constitutional rights [by] their participation in conspiracy to unlawfully seize property, misc. assets, forgery, fraud, cover up of unlawful conduct, tampering with evidence, FURTHER using threat tactics to bully Plaintiff into quiet submission" (Dkt. #2 at p. 1) (emphasis in original).

On August 7, 2019, the Magistrate Judge recommended that Dahlheimer and Mueller's Motion to Dismiss be granted because: (1) Plaintiff's claims against both Defendants are barred by the *Rooker-Feldman* doctrine; and (2) res judicata further bars Plaintiff's claims against Dahlheimer (Dkt. #124). Plaintiff filed Objections to the report on September 9, 2019 (Dkt. #137). Thereafter, on September 16, 2019, Defendants filed a Response to Plaintiff's Objections (Dkt. #145).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the report on multiple grounds, including that: (1) the Magistrate Judge failed to "articulate the lack of Plaintiff's injury-in-fact"; (2) *Rooker-Feldman* and the *Younger* abstention doctrine do not bar Plaintiff's claims against Defendants Dahlheimer and Mueller; and (3) res

judicata similarly does not bar Plaintiff's claims (Dkt. #137). Defendants Dahlheimer and Mueller respond Plaintiff's objections are not adequately specific, fail to state a basis for the objection, and further fail to identify the portion of the report to which Plaintiff objects (Dkt. #145).

*Injury-in-Fact*

Plaintiff challenges the Court's "fail[ure] to articulate the lack of Plaintiff's 'Injury-in-Fact'" (Dkt. #137 at p. 3). Defendants point out that the Magistrate Judge found in Plaintiff's favor on this issue (Dkt. #145 at p. 5); the report found Plaintiff had sufficiently pleaded the required elements to establish constitutional standing: injury-in-fact; a traceable causal connection to defendant's actions; and redressability. The report specifically states, "the Court finds that Plaintiff has standing under §1983 to sue Dahleimer and Mueller for their alleged violation(s) of Plaintiff's constitutional rights" (Dkt. #124 at pp. 9–10). Plaintiff's objection is overruled.

**Rooker-Feldman** *Doctrine*

The report further found that Plaintiff's claims against Defendants Dahlheimer and Mueller are barred by the *Rooker-Feldman* doctrine. Plaintiff argues against the application of the *Rooker-Feldman* doctrine; specifically, Plaintiff urges an inconsistency exists between the recommended disposition in the instant action and another pending case filed by Plaintiff. *See Bowling v. Roach*, Cause No. 4:19-cv-144-ALM/CAN (E.D. Tex. 2019). In the instant case, the Magistrate Judge recommended Plaintiff's claims be dismissed under *Rooker-Feldman*, while in the other suit the Magistrate Judge considered the application of the *Younger* abstention doctrine. Plaintiff urges these findings are irreconcilable (Dkt. #137 at pp. 4–5). Specifically, Plaintiff urges "[the magistrate] articulates Plaintiff's claims are the same subject matter as closed cases in the trial court … [but in another case, the magistrate] insists there is an ongoing case of the same subject matter in the trial court … both conditions cannot be true" (Dkt. #137 at p. 4). No inconsistency

3

exists. As the Magistrate Judge set forth in the report, the application of the respective doctrines hinges on whether the underlying action is considered closed or remains ongoing (Dkt. 124 at p. 13). Here, Plaintiff clearly requests that the orders and judgments in the underlying divorce proceeding be vacated. The divorce itself is closed and a final judgment related to such divorce has been entered. Hence, the Magistrate Judge's decision that *Rooker-Feldman* prevents this court from reviewing the previous state court's final judgment. Plaintiff's claims, even though characterized as civil rights claims, do nothing more than "'invite district court review and rejection' of the state divorce decree." *Blessett v. Texas Office of Attorney Gen. Galveston County Child Support Enf't Div.*, 756 F. App'x 445, 446 (5th Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. at 280, 284 (2005)); *Sookma v. Millard,* 151 F. App'x 299, 300 (5th Cir. 2005) (*Rooker–Feldman* bars the losing party's claim that the parties to the state suit conspired with the judge to deprive her of civil rights when she sought to enjoin enforcement of the state court divorce decree and damages). Moreover, as noted by the Magistrate Judge, even if such finding is incorrect and the underlying suit could be determined to remain ongoing, this Court should still abstain from deciding predominately state law issues currently being decided by a state court. *See Jasper v. Hardin County Sheriff's Dept.*, 1:11-CV-408, 2012 WL 4480713, at *11 (E.D. Tex. Sept. 5, 2012), *report and recommendation adopted*, 1:11-CV-408, 2012 WL 4472261 (E.D. Tex. Sept. 26, 2012) ("Alternatively, if the divorce matter was fully resolved, this Court still does not have the authority to interfere with a state court proceeding."). Ultimately, the result is the same—dismissal of the present action is warranted. Plaintiff's objection is overruled.

*Res Judicata*

Lastly, Plaintiff objects to the Report's "articulation of facts invoking [] [r]es [j]udicata" (Dkt. #137 at p. 5).[2] Plaintiff argues that her claims "[arise] from a corrupt court process with state officials collu[ding to] prevent[ ] her from litigating the fraud/forgery losses against Dahlheimer Jr. and Sr. The claims in this court have nothing to do with divorce or custody" (Dkt. #137 at p. 5). The Magistrate Judge found that, in addition to *Rooker-Feldman*, res judicata would also bar Plaintiff's claims against Dahlheimer (but not against Mueller) (Dkt. #124 at pp. 17–24). With respect to the third element of res judicata—a second action based on the same claims as the previous suit—a subsequent suit "will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence could have been raised in a prior suit." *See Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). The Court of Appeals expressly recognized that Plaintiff brought similar claims, based on the same alleged conduct by Defendants, in both the State District Court and Court of Appeals (Dkt. #41-4 at p. 3). Merely alleging a different cause of action does not entitle a plaintiff to a second or third bite at the apple. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) ("[A] judgment in an earlier suit 'precludes a second action by the parties and their privities not only on matters actually litigated, but also on cause(s) of action or defenses which arise out of the same subject matter….'"). Plaintiff's final objection is overruled.

*Futility of Amendment*

As a final matter, the report found that Plaintiff should be not be given an opportunity to amend her claims against Defendants Dahlheimer and Mueller because of the applicability of the

---

[2] Plaintiff also argues that the Domestic Relations Exception does not apply in the instant case (Dkt. #137 at p. 5). The Reports found that the Domestic Relations Exception was not applicable in this matter because diversity jurisdiction was not the basis for the Court's subject matter jurisdiction.

*Rooker-Feldman* doctrine. The Court agrees, and further notes that the Court has found Plaintiff will be permitted to amend her claims against the remaining undismissed Defendants.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #137), Defendant's Response (Dkt. #145), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #124) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants Lester John Dahlheimer, Jr. and Paulette Mueller's Motion to Dismiss (Dkt. #41) is **GRANTED**. Plaintiff's claims against Defendant Lester John Dahlheimer, Jr. are **DISMISSED WITH PREJUDICE** and against Defendant Paulette Mueller **WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

SIGNED this 27th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE