# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WANDA L. BOWLING § | |
| § | Civil Action No. 4:18-CV-610 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| LESTER JOHN DAHLHEIMER, JR., § | |
| ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 9, 2019, the report of the Magistrate Judge (Dkt. #129) was entered containing proposed findings of fact and recommendations that Defendant District Attorney Greg Willis's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant ("Motion") (Dkt. #56), Supplement (Dkt. #94), and Second Supplement (Dkt. #120) be granted in part and denied in part. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #136), Defendant's Response (Dkt. #144), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The facts are set out in further detail by the Magistrate Judge and need not be repeated.[1] On October 31, 2019, DA Willis filed the present Motion, seeking monetary sanctions, a pre-filing injunction against Plaintiff, and that Plaintiff be declared a vexatious litigant (Dkt. #56 at pp. 7–11). Thereafter, DA Willis twice supplemented his Motion. On August 9, 2019, the Magistrate

---

[1] Plaintiff makes several objections to the factual background in the Report (Dkt. #136 at pp. 1–3); upon independent review, the Court finds Plaintiff's objections to be unfounded and/or irrelevant. Plaintiff's objections related to the factual recitation contained in the report are overruled.

Judge recommended denying the bulk of the relief requested by DA Willis, but after discussion determined that a very limited and narrow pre-filing injunction was warranted, requiring Plaintiff to obtain leave of court before "filing in, or removing to, the Eastern District of Texas the case *Bowling v. Dahlheimer*, Case No. 469-51274-2015 in the 469th Judicial District Court in Collin County (the "Divorce Proceeding") or any civil action (including any enforcement proceedings) related to the divorce proceedings between Plaintiff and Defendant John Dahlheimer, Jr." (Dkt. #129). Plaintiff filed Objections to the report on September 9, 2019 (Dkt. #136). On September 16, 2019, Defendants filed a Response to Plaintiff's Objections (Dkt. #144).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the Court's authority to impose a pre-filing injunction (Dkt. #136). More specifically, Plaintiff objects to the recommended sanction on the grounds that the "[d]ivorce [p]roceedings are over" and therefore the court lacks jurisdiction to impose "ANY requirement between Plaintiff and another Defendant other than [DA] Willis." Further, Plaintiff contends that such an imposition would be a constitutional violation (Dkt. #136 at p. 2). Defendant DA Willis responds that the Court may properly impose such sanctions, and further advocates that, if anything, the Magistrate Judge's recommendation was too lenient (Dkt. #144).

The Court has authority to impose sanctions to "deter baseless filings in district court" and "spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Cooter & Gell v. Hartmarx Corp.*, 469 U.S. 384, 393 (1990). The Court similarly has a duty to impose the least severe sanctions adequate to deter similar conduct in the future. *See Mendoza v. Lynaugh*,

989 F.2d 191, 196 (5th Cir. 1993); FED. R. CIV. P. 11(c)(1).  Moreover, to Plaintiff's constitutional concern, "'imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the [party] has abused the judicial process, and, if so, what sanction would be appropriate.' Such an order implicates no constitutional concern because it 'does not signify a district court's assessment of the legal merits of the complaint.'" *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (citing *Cooter & Gell*, 496 U.S. at 395-96.) (internal citations omitted).  "[T]here is no constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules … and to allow the courts to impose Rule 11 sanctions in the event of their failure to do so." *Id.* at 139.

Here, the Magistrate Judge determined that monetary sanctions were not appropriate but that a limited pre-filing injunction was warranted due to Plaintiff's "disregard of the lack of any legitimate, legal claim against DA Willis" and lack of any good-faith argument in support thereof, as well as "an emerging pattern and/or course of conduct intended to disrupt or delay the state court's consideration of certain matters in the underlying divorce proceeding" (Dkt. #129 at pp. 6–7).  It is apparent from the record(s) that Plaintiff has repeatedly attempted to remove her divorce proceeding to this Court.  Plaintiff has now filed and/or otherwise initiated three separate cases in federal court related to her divorce in the past year.  *See* Cause Nos. 4:18-cv-610; 4:19-cv-144; 4:19-cv-22.  Additionally, Plaintiff's objection evinces her possible misunderstanding of the sanction being imposed (Dkt. #136 at p. 2).  Without leave of court, Plaintiff is prohibited from further filing in, or removing to, <u>this</u> Court any civil action related to her state court divorce proceedings.  The pre-filing injunction is not specific to any defendant, rather it is specific to this Court, and to Plaintiff's state court divorce proceeding.  Plaintiff's Objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #136), Defendant's Response (Dkt. #144) and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #129) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant District Attorney Greg Willis's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant (Dkt. #56), Supplement (Dkt. #94), and Second Supplement (Dkt. #120) are **GRANTED IN PART AND DENIED IN PART** as set forth herein. Specifically, Plaintiff shall be enjoined from future filings in this District as follows:

> Plaintiff is prohibited from filing in or removing to, the Eastern District of Texas the case *Bowling v. Dahlheimer*, Case No. 469-51274-2015 in the 469th Judicial District Court in Collin County (the "Divorce Proceeding") or any civil action (including any enforcement proceedings) related to the divorce proceedings between Plaintiff and Defendant John Dahlheimer, Jr., without leave of court.
>
> Plaintiff shall be required to obtain leave of court from an active Eastern District of Texas Judge assigned to the division in which the case will be filed, or the Chief Judge of the Eastern District of Texas. Plaintiff must file a written motion requesting leave of court and attach to the motion for leave copies of (1) the proposed complaint; (2) a copy of the Magistrate Judge's Report and Recommendation; and (3) this Memo Adopting. This pre-filing injunction is not intended to and shall not apply to any current or pending matters before the Eastern District of Texas but shall only be applicable to future cases.

**IT IS SO ORDERED**.

SIGNED this 27th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE