# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WANDA L. BOWLING § | |
| § | Civil Action No. 4:18-CV-610 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| LESTER JOHN DAHLHEIMER, JR., § | |
| ET AL. § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 5, 2020, the report of the Magistrate Judge (Dkt. #171) was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Supplement the Record on Appeal (Dkt. #170) be denied.  Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #176), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

Plaintiff filed the instant suit in the Northern District of Texas on August 23, 2018, against her former spouse and various other State and individual Defendants related to Plaintiff's divorce proceedings (Dkt. #2).  After noting Plaintiff has filed at least three federal cases related to her state court divorce, and a lengthy motion practice by all parties, the Court granted District Attorney Greg Willis's Motion for Sanctions and issued a limited pre-filing injunction against Plaintiff, requiring Plaintiff to seek leave of court before "filing in or removing to, the Eastern District of Texas [Plaintiff's Divorce Proceeding] or any civil action (including any enforcement proceedings) related to the divorce proceedings between Plaintiff and Defendant John Dahlheimer, Jr." (Dkt. #156 at p. 4).  In response to the Court's limited pre-filing injunction, Plaintiff filed a

Notice of Interlocutory Appeal to the United States Court of Appeals for the Fifth Circuit, as well as a Designation of Record on Appeal (Dkts. #165; #167).  Plaintiff later filed Motions to Supplement the Record on Appeal, first in the Fifth Circuit, and later in this Court (Dkt. #170). *See Wanda Bowling v. Lester Dahlheimer, Jr.*, No. 19-40914 (5th Cir. filed Oct. 28, 2019), ECF No. 515260252.  On January 15, 2020, the Fifth Circuit denied Plaintiff's Motion to Supplement the Record on Appeal.  *Id.*, ECF No. 515272517.  Thereafter, the Magistrate Judge recommended the same as to Plaintiff's nearly identical Motion before this Court (Dkt. #171).  The Magistrate Judge found the Fifth Circuit's denial of a virtually identical Motion to Supplement the Record on Appeal supported denial of Plaintiff's request; the Magistrate Judge further recommended denying the requested relief as "[t]he material Plaintiff wishes to add to the record was not before the Court at the time it made its ruling" and were not related to the scope of the interlocutory appeal (Dkt. #171).  Plaintiff filed Objections to the Magistrate Judge's report on August 19, 2020 (Dkt. #176).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff's Objections to the Magistrate Judge's report, while titled "Objection to the Report and Recommendation Regarding the Motion to Supplement the Record on Appeal" do not address any of the bases relied upon by the Magistrate Judge in recommending denial.  Rather, Plaintiff makes vague and incoherent complaints about the Magistrate Judge's reports being "deficient and caus[ing] confusion", and urges "[n]o reader will be able to understand the real issues and why all of this defense to deny [Plaintiff's] First Amended Complaint to be a supplement to the Appellate record" (Dkt. #176 at p. 3).  Plaintiff concludes "[t]hrough all of the Magistrate[] [Judge's] reports

confusion[,] it is still unknown what is the lawful foundation for denying supplementing the appellate record . . ." (Dkt. #176 at p. 4). The lawful foundation stated for the denial of Plaintiff's Motion to Supplement the Record in Appeal was not confusing, as Plaintiff contends, and remains that Plaintiff's requested relief was previously denied by the circuit court, the "material Plaintiff wishes to add to the record was not before the Court at the time it made its ruling", and (as Plaintiff concedes), the requested supplements "do not appear to be directly related to the small scope of this Appeal" (Dkt. #170 at p. 1). Plaintiff's Objections are overruled.

It is, therefore, **ORDERED** that Plaintiff's Motion to Supplement the Record on Appeal (Dkt. #170) is hereby **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 21st day of August, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE