# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WANDA L. BOWLING | § |
| | § Civil Action No. 4:18-CV-610 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| LESTER JOHN DAHLHEIMER, JR., | § |
| ET AL. | § |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 6, 2020, the report of the Magistrate Judge (Dkt. #172) was entered containing proposed findings of fact and recommendations that Plaintiff's Motions to Reconsider (Dkts. #138; #139; #159) be denied. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #175), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

Plaintiff filed the instant suit in the Northern District of Texas on August 23, 2018, against her former spouse and various other State and individual Defendants related to or arising out of Plaintiff's divorce proceedings (Dkt. #2). The Court previously dismissed certain of the named Defendants, including Plaintiff's former spouse Lester John Dahlheimer, Jr., Dahlheimer's divorce counsel Paulette Mueller, Judge Piper McCraw, District Attorney Greg Willis, Justice David Evans, and the Fifth District Court of Appeals Clerk of the Court (Dkts. #123; #155). Plaintiff thereafter moved the Court to reconsider the dismissals (Dkts. #138; #139; #159). The Magistrate Judge, under Rule 54(b), recommended denial of each of Plaintiff's Motions to Reconsider, finding no basis to reconsider the prior determinations and thoroughly discussing Plaintiff's First

Amended Complaint, the Court's purported mistakes, Plaintiff's arguments regarding immunities, the application of *Rooker-Feldman* to Plaintiff's cause, dismissal of the Clerk of Court, limitations, punitive damages, and Plaintiff's purported new evidence (Dkt. #172).  Plaintiff filed Objections to the Magistrate Judge's report on August 19, 2020 (Dkt. #175).  On August 25, 2020, DA Willis filed a Response to such Objections (Dkt. #179).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

Plaintiff's Objections to the Magistrate Judge's report are largely comprised of bald assertions that the Magistrate Judge has not accurately characterized Plaintiff's case and/or correctly outlined the underlying history of the cause.  More specifically, Plaintiff opens her Objections by stating:

> This court is accountable for the integrity of the orders issued.  It has been repeatedly communicated in a volume of filings by Plaintiff Bowling the Reports and Recommendations are grave departures from the truth of factual history and from what is clearly on the record.  IN the name of Jesus, good luck.

(Dkt. #175 at p. 1).  Plaintiff continues in her aspersions: "This Magistrate [Judge] has written over 300 pages of distortions of proceedings, actions, causes, and history in favor of Defendants" (Dkt. #175 at p. 5).  In rejoinder to these statements, DA Willis urges that Plaintiff's Objections are "really nothing more than a rambling narrative about her spin on the underlying procedural history – with the consistent belief that everyone . . . is corrupt and conspiring against her" (Dkt. #179 at p. 2).  Upon a studied review, it is clear that Plaintiff's Objections do nothing more than urge again arguments she has already raised numerous times with the Court or which are

patently incorrect, save and except her challenge to the Court's consideration of her motions under Rule 54, which the undersigned addresses herein.

Plaintiff sought relief or otherwise invoked Rule 60 in each of the instant motions. Plaintiff expressly advises she is "not asking for 'reconsideration' in the context of Rule 54, but requesting [r]elief based on Rule 60 based on unmistakable error of this court" (Dkt. #175 at p. 6). However, as the Magistrate Judge found, because no final judgment has yet been entered in this case, Rule 54(b), not Rule 60, governs the Court's consideration of Plaintiff's motions. Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). The Fifth Circuit, in recent years, has clarified that where a district court is not asked to reconsider a judgment, the denial of a motion to reconsider must be considered under Rule 54(b):

> In our decision in *Austin v. Kroger Texas, L.P.*, . . . we clarified the relationship between Rules 54(b) and 59(e) [and 60]. Whereas Rule 59(e) [and 60] appl[y] only to final judgments and do[] not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits the district court "to reconsider and reverse its decision for any reason it deems sufficient."

*McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). The Court finds no reason to reconsider or reverse its decision here even under the more flexible Rule 54(b). Plaintiff's Objections are overruled.

It is therefore **ORDERED** that Plaintiff's Motions to Reconsider (Dkts. #138; #139; #159) are hereby **DENIED**.

**IT IS SO ORDERED**.
 SIGNED this 28th day of August, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE